**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| Charles Holbrook, ) | |
| ) | |
| Plaintiff, ) | Case No.: 1:20-cv-00687 |
| ) | |
| vs. ) | Judge Michael R. Barrett |
| ) | |
| State of Michigan, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**ORDER**

This matter is before the Court on the September 14, 2020 Report and Recommendation ("R&R") (Doc. 2) of the Magistrate Judge.

Plaintiff was given proper notice under Fed. R. Civ. P. 72(b), including notice that he would waive further appeal if he failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Within the time period for objections, Plaintiff filed four "petitions for relief" which have been docketed together. (Doc. 3). The Court interprets these petitions as objections.

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

1

Plaintiff, an inmate at the St. Louis Correctional Facility in St. Louis, Michigan, petitions this Court "for an injunction against the State of Michigan," which the Magistrate Judge interprets as a complaint pursuant to 42 U.S.C. § 1983. The Magistrate Judge notes, and the docket reflects, that Plaintiff has not paid the filing fee or filed a motion for leave to proceed *in forma pauperis*. The Magistrate Judge has declined to issue a Deficiency Order, however, because the events giving rise to Plaintiff's claims appear to have occurred in Michigan and not in any county located within the Southern District of Ohio. Thus, venue is not proper under 28 U.S.C. § 1391(b), which provides that civil suits may *only* be brought in the judicial district where (1) any defendant resides, if all defendants reside in the same State; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) any defendant may be found, if there is no district in which the claim may otherwise be brought.

Plaintiff is no stranger to this Court. He has filed seven other civil actions in the Southern District of Ohio, all of which have been transferred to the Western District of Michigan: *Holbrook v. Warden, St. Louis Correctional Facility*, Case No. 1:20-cv-00501 (petition for a writ of habeas corpus filed on 6/29/2020, transferred to the Western District of Michigan pursuant to 28 U.S.C. § 2241(d) on 7/15/2020); *Holbrook v. Warden, St. Louis Correctional*, Case No. 1:17-cv-00274 (petition for a writ of habeas corpus filed on 4/24/2017, transferred to the Western District of Michigan pursuant to 28 U.S.C. § 2241(d) on 4/27/2017); *Holbrook v. Pols*, Case No. 1:17-cv-00186 (complaint filed pursuant to 42 U.S.C. § 1983 on 3/20/2017, transferred to the Western District of Michigan pursuant to 28 U.S.C. § 1406(a) on 3/31/2017); *Holbrook v. Pols*, Case No. 1:16-cv-00834 (complaint filed pursuant to 42 U.S.C. § 1983 on 8/11/2016, transferred to the Western District of

Michigan pursuant to 28 U.S.C. § 1406(a) on 9/19/2016); *Holbrook v. Warden, Chippewa Correctional Facility*, Case No. 1:16-cv-00660 (petition for a writ of habeas corpus filed on 6/20/2016, transferred to the Western District of Michigan pursuant to 28 U.S.C. § 2241(d) on 7/22/2016); *Holbrook v. Warden, Chippewa Correctional Facility*, Case No. 1:16-cv-00592 (petition for a writ of habeas corpus filed on 5/31/2016, transferred to the Western District of Michigan pursuant to 28 U.S.C. § 2241(d) on 6/9/2016).

As to the September 14, 2020 R&R, Plaintiff's objections state in relevant part:

> We <u>ask</u> that you <u>not</u> transfer any more of our petitions. We can work this out. We <u>ask</u> that you open the <u>window</u> and <u>chuck</u> any of the offending <u>rules</u>. We <u>ask</u> that you help us. You do not need <u>rules</u> to "take care of" an 84-year old United States citizen. Common sense will do.

(Doc. 3 at PageID 7 (emphasis in original)). Plaintiff concedes that venue is improper under the "offending <u>rules</u>." Nonetheless, he asks the Court to "<u>chuck</u>" them. This Court cannot—and will not—ignore the law governing venue in this (or any other) case. Transfer under 28 U.S.C. § 1406(a), however, is discretionary.[1] So, to accommodate Plaintiff's request that "you <u>not</u> transfer any more of our petitions," the Court will instead, as the Magistrate Judge recommends, dismiss the complaint without prejudice subject to refiling in the proper venue.

Based on the foregoing and upon a de novo review, the Court **OVERRULES** Plaintiff's objections (Doc. 3) and **ACCEPTS and ADOPTS** the Magistrate Judge's

---

[1] 28 U.S.C. § 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court **may** transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

(Emphasis added).

3

September 14, 2020 R&R (Doc. 2). Accordingly, Plaintiff's complaint (Doc. 1) is dismissed without prejudice subject to refiling in the proper venue. This matter is **CLOSED** and **TERMINATED** from the active docket of this Court.

    **IT IS SO ORDERED.**

                                       /s/ *Michael R. Barrett*
                                       Michael R. Barrett, Judge
                                       United States District Court