# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| CHARLES HOLBROOK, <br>     Plaintiff, <br><br> vs. <br><br> STATE OF MICHIGAN, <br>     Defendant. | Case No. 1:20-cv-687 <br><br> Barrett, J. <br> Bowman, M.J. <br><br> **REPORT AND RECOMMENDATION** |

This matter is before the Court on plaintiff's "petition for relief," which the Court construes as a motion for reconsideration of the October 7, 2020 Order dismissing this action without prejudice subject to refiling in the proper venue. (Doc. 5).

As a general rule, motions for reconsideration are not favored unless the movant demonstrates: "(1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority." *Meekison v. Ohio Dept. of Rehabilitation and Correction,* 181 F.R.D. 571, 572 (S.D. Ohio 1998) (citing *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985)). In this case, there is no intervening change of controlling law, nor has plaintiff submitted new evidence to change the venue issue adjudicated in the Court's October 7, 2020 Order. (*See* Doc. 5). The Court is not aware of any need to correct a clear error or to prevent manifest injustice.

Plaintiff has not alleged any facts or cited any legal authority which suggests that reconsideration of the Court's Order is warranted. If plaintiff wishes to obtain review of the Court's Order, he must pursue an appeal to the United States Court of Appeals for the Sixth Circuit.

Accordingly, it is **RECOMMENDED** that plaintiff's motion (Doc. 5) be **DENIED.**

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

CHARLES HOLBROOK,                  Case No. 1:20-cv-687
    Plaintiff,

                                         Barrett, J.
vs.                                        Bowman, M.J.

STATE OF MICHIGAN,
    Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).