**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| Charles Holbrook, ) | |
| ) | |
| Plaintiff, ) | Case No.: 1:20-cv-00687 |
| ) | |
| vs. ) | Judge Michael R. Barrett |
| ) | |
| State of Michigan, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

### ORDER

This matter is before the Court on the December 4, 2020 Report and Recommendation ("R&R") (Doc. 7) of the Magistrate Judge.

Plaintiff was given proper notice under Fed. R. Civ. P. 72(b), including notice that he would waive further appeal if he failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Within the time period for objections, Plaintiff filed a "Petition for Relief/Injunction" (Doc. 8) that the Court will interpret as an objection.

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

1

As background, Plaintiff, an inmate at the St. Louis Correctional Facility in St. Louis, Michigan, petitioned this Court "for an injunction against the State of Michigan." (Doc. 1, filed 09/02/2020).  The Magistrate Judge interpreted this petition as a complaint filed pursuant to 42 U.S.C. § 1983, noted that the events giving rise to Plaintiff's claims appear to have occurred in Michigan (and not in any county located within the Southern District of Ohio), and recommended that the complaint be dismissed without prejudice subject to refiling in the proper venue.  (Doc. 2, Report and Recommendation filed 09/14/2020).  Over Plaintiff's objections, the Court accepted and adopted the September 14, 2020 R&R, dismissed Plaintiff's complaint without prejudice subject to refiling in the proper venue, and closed and terminated this matter from the active docket of this Court. (Doc. 4, filed 10/07/2020).

Some six weeks later, Plaintiff again petitioned (Doc. 6, filed 11/16/2020) the Court, which the Magistrate Judge interprets as a motion for reconsideration of the Court's October 7, 2020 Order.  The Magistrate Judge recommends that Plaintiff's motion be denied, because Plaintiff "has not alleged any facts or cited any legal authority which suggests that reconsideration of the Court's Order is warranted."  (Doc. 7 at PageID 21).

As to the December 4, 2020 R&R, Plaintiff's objection states in relevant part:

> I <u>told</u> you.  You will <u>not</u> turn us out.  Your one <u>job</u> is to "take care of" a United States citizen. . . . This <u>is</u> the "proper venue."  We like it just fine.  Your "rules" do not apply here. . . . Do <u>not</u> mention 6th Appeals. They are useless.

(Doc. 8 at PageID 24–25 (emphasis in original)).  Plaintiff's objection clearly does not address the substance of the R&R, which sets forth and applies the legal standard for a motion to reconsider.  Rather, it reprises Plaintiff's previous filings which disagree with the Magistrate Judge—and this Court—that the law governing venue applies in this (and

2

every other) case. As such, it is the equivalent of a failure to object and requires no further consideration. *See Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate [judge]'s suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

Based on the foregoing and upon a de novo review, the Court **OVERRULES** Plaintiff's objection (Doc. 8) and **ACCEPTS and ADOPTS** the Magistrate Judge's December 4, 2020 R&R (Doc. 7). Accordingly, Plaintiff's motion (Doc. 6) to reconsider this Court's October 7, 2020 Order (Doc. 4) is **DENIED**. As noted by the Magistrate Judge, if Plaintiff wishes to obtain review of the Court's October 7, 2020 Order (Doc. 4), he must pursue an appeal to the United States Court of Appeals for the Sixth Circuit. This matter remains **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

/s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court